UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTONIO CROWELL,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

Case Number 16-01494
Criminal Case Number 03-00120
Honorable David M. Lawson

## ORDER DENYING MOTION TO VACATE SENTENCE

On June 21, 2016, the petitioner filed a motion asking the Court to vacate his sentence under 28 U.S.C. § 2255 and order that he be resentenced. The Court has reviewed the record of the proceedings and the submissions of the parties and now finds that the petitioner has not established that he is in custody under a constitutionally defective judgment of sentence. The motion therefore will be denied.

On August 24, 2005, after a two-day jury trial, petitioner Antonio Crowell was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). At sentencing, the Court found that the petitioner was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA") as the result of several prior felony convictions, which included, as relevant here, two convictions for robbery and one conviction for aggravated assault, all under Tennessee law. On July 4, 2006, he was sentenced to 235 months in prison. The conviction and sentence subsequently were affirmed on appeal. *United States v. Crowell*, 493 F.3d 744 (6th Cir. 2007). Crowell concedes that under the applicable controlling case law, *e.g.*, *United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014), his robbery convictions still qualify as "violent felonies" for the purposes of the ACCA. However, he now argues that his 1999 Tennessee conviction for aggravated assault no longer counts as a valid ACCA predicate offense.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or the conviction "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

The parties agree that in 1999 Tennessee defined aggravated assault as an offense with several variations, including the variant described as follows: "A person commits aggravated assault who: (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and: (A) Causes serious bodily injury to another; or (B) Uses or displays a deadly weapon." 1993 Tennessee Laws Pub. Ch. 306 (S.B. 567) (amending former Tenn. Code § 39-13-102(a), eff. May 12, 1993). That enactment also graded aggravated assault into several felony classes, stating in pertinent part: "Aggravated assault under subsection (a)(1), (b) or (c) is a Class C felony." *Ibid.* (amending Tenn. Code § 39-13-102(d)).

The state court record of the 1999 conviction reveals that the petitioner was indicted for "aggravated assault." The indictment charged in Count 1 that the petitioner "intentionally or knowingly did cause bodily injury to Shereca Jones by the use or display of a deadly weapon, to wit: a screwdriver, in violation of Tennessee Code Annotated § 39-13-102." Indictment, Count 1, ECF No. 11, PageID.30. The petitioner's "petition to enter guilty plea" stated that he agreed to plead guilty to, among other things, "Ct. 1 — Aggravated Assault — C felony." Plea Agrmt., ECF No. 11, PageID.33.

The petitioner now argues that he is entitled to relief from his ACCA-enhanced sentence under the holding of *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. The petitioner contends that his 1999 conviction for aggravated assault only could qualify under the now defunct residual clause of the ACCA, and that he therefore is entitled to resentencing without the ACCA enhancement. However, the relevant portions of the state court record of proceedings establish that the petitioner was convicted of an offense that indisputably qualifies as a violent felony under the ACCA's so-called "use-of-force" clause, without resort to the defective residual clause definition.

"Under the ACCA, a felon who unlawfully possesses a handgun can have his sentence enhanced if he has three previous convictions for violent felonies." *United States v. Phillips*, 768 F. App'x 474, 476 (6th Cir. 2019) (citing 18 U.S.C. § 924(e)(1)). "A violent felony is defined in two ways: it can either involve the use, attempted use, or threatened use of physical force against the person of another (the 'use-of-force clause'), or it can be one of several enumerated offenses." *Ibid.* (citing 18 U.S.C. § 924(e)(2)(B)). "Because aggravated assault is not an enumerated offense in the ACCA, it must have 'as an element the use, attempted use, or threatened use of force against the person of another' to qualify." *Id.* at 479 (quoting 18 U.S.C. § 924(e)(2)(B)(i)). "For the ACCA, force is 'violent force — that is, force capable of causing physical pain or injury to another person.'" *Ibid.* (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)).

"To decide if a conviction satisfies the ACCA, the Supreme Court has developed a categorical approach that consists of comparing elements of the 'generic' crime as it is commonly understood with the elements of the conviction. If the statute's elements are identical to or narrower than the generic crime, then a conviction under that statute is a violent felony under the ACCA."

*Id.* at 466-67 (citing *Descamps v. United States*, 570 U.S. 254, 257 (2013)). "If, however, the statute is divisible — meaning that it 'sets out one or more elements of the offense in the alternative' — then whether a defendant is convicted of a violent felony depends entirely upon which elements served as the basis of his conviction. In these instances, courts are allowed to use the 'modified categorical approach' to determine which set of elements provided the basis for the defendant's conviction." *Id.* at 477 (citations omitted). "Under the modified categorical approach, courts may look to certain documents to narrow a defendant's conviction to a particular set of elements." *Ibid.* "In *Shepard v. United States*, the Supreme Court identified records that are appropriate to determine the character of a conviction: 'a later court [may look to] the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *Ibid.* (quoting 544 U.S. 13, 16). "That Tennessee's aggravated assault statute, § 39-13-102 [in the version extant in 1999], is a divisible statute is not contested," and, accordingly, the modified categorical approach is the proper framework for analyzing a conviction thereunder. *Ibid.* (citing *Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016)).

The undisputed record of the state court proceedings discloses that the petitioner pleaded guilty to and was convicted of an intentional or knowing aggravated assault, in which he was charged with causing bodily injury to a person, by the use or display of a deadly weapon. Applying the modified categorical approach to identical statutory language, on indistinguishable circumstances of conviction, the Sixth Circuit has "held that convictions under § 39-13-102(a)(1)(B) — knowing or intentional assaults involving the use or display of a weapon — [are] violent felonies under the force clause of the ACCA," and that even "reckless aggravated assaults involving the use or display of a deadly weapon are also crimes of violence." *Phillips*, 768 F.

App'x at 479 (citing *Braden*, 817 F.3d at 933; *United States v. Harper*, 875 F.3d 329, 330 (6th Cir. 2017); *Davis v. United States*, 900 F.3d 733, 736 (6th Cir. 2018)). "Thus, [the petitioner's] conviction would qualify for the ACCA regardless of whether he was convicted for a knowing or intentional aggravated assault or a reckless one." *Ibid.*

When assessing the defendant's status under the ACCA, the Court considered the defendant's prior convictions for robbery and aggravated assault and found that they qualified as violent felonies under the ACCA. Under the guidance of the controlling decisions on point, there was no error of constitutional dimension in that conclusion. Because the petitioner's aggravated assault convictions unquestionably qualifies under the use-of-force clause, without resort to the constitutionally defective residual clause, the petitioner has not established that he is entitled to relief from his ACCA-enhanced sentence.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge<br>
Sitting by special designation

Date: September 30, 2019