UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTONIO CROWELL,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case Number 16-01494
Criminal Case Number 03-00120
Honorable David M. Lawson

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner filed a motion under 28 U.S.C. § 2255 on June 21, 2016. On September 30, 2019, the Court issued an order and judgment denying that motion because the petitioner's constitutional challenge to his sentence was without merit. Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court finds that reasonable jurists could not debate the Court's conclusion that the holding of *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), does not call into question the soundness of the petitioner's ACCA-enhanced sentence, which was premised on two convictions for robbery and one conviction for aggravated assault under Tennessee law, because those convictions all unquestionably qualify as "violent felonies" under the use-of-force clause of the ACCA, according to controlling circuit law.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge  
Sitting by special designation

Date: September 30, 2019